## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EDUARDO GARCIA,**

      **Petitioner,**

**-vs-**                                                    **Case No.  8:10-CV-2116-T-27MAP**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

      **Respondent.**
_____/

### ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging convictions for burglary with an assault or battery while armed and robbery with a firearm entered in 2001 by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1).  Respondent filed a response to the petition (Dkt. 16).  Petitioner filed a reply to the response (Dkt. 23).

Respondent asserts no challenge to the petition's timeliness.  The matter is now before the Court for consideration of Petitioner's claims.  An evidentiary hearing is not required for the disposition of this matter.  Rules Governing Section 2254 Cases, Rule 8(a) (2013).

### PROCEDURAL HISTORY

On June 13, 2001, following a jury trial, the jury found Petitioner guilty of burglary with an assault or battery while armed and robbery with a firearm (Resp. Ex. C, Vol. 1 at record pp. 117-20).  Petitioner was sentenced to concurrent prison terms of 25 years and a mandatory minimum of three years imposed for the use of a firearm (Id. at record pp. 141-50).  The state

appellate court *per curiam* affirmed Petitioner's convictions and sentences (Resp. Ex. D).

Petitioner filed a *pro se* Motion for Post Conviction Relief pursuant to Florida Rules of Criminal Procedure, Rule 3.850 ("Rule 3.850 motion") (Resp. Ex. H, Vol. 1 at record pp. 75-92). The state post conviction court summarily denied Grounds One and Two of the Rule 3.850 motion, and ordered an evidentiary hearing on the remaining two grounds (Id. at record pp. 93-96). Prior to the evidentiary hearing, Petitioner amended his Rule 3.850 motion by adding an additional claim (Resp. Ex. H, Vol. 2 at record pp. 175-84). Following the evidentiary hearing, the post conviction court denied the remaining two grounds from the original Rule 3.850 motion, and the additional claim raised in the amended motion (Id. at record pp. 192-204). The state appellate court affirmed the denial of the Rule 3.850 motion (Resp. Ex. I; *Garcia v. State of Florida*, 939 So. 2d 1068 (Fla. 2d DCA 2006)).

Petitioner filed his petition in this Court raising four grounds for relief (Dkt. 1).

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings is highly deferential. Those findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id.; Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

2

"Under § 2254(d), a habeas court must determine what arguments or theories supported. . .the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Wetzel v. Lambert*, 132 S.Ct. 1195, 1198 (2012) (citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)).

**Ineffective Assistance of Counsel**

To have a facially valid claim alleging ineffective assistance of counsel, Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.  However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component. *Id*. at 697.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010).  "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S. Ct. at 788.  As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted).

3

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995) ("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, Petitioner may obtain federal habeas review of a procedurally

4

defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires Petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).  Petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, Petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence.  *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such

5

evidence, in virtually every case, the allegation of actual innocence has been summarily

rejected") (internal quotation marks omitted).

## DISCUSSION

**Ground One**

In his petition, Petitioner contends that his confession was unconstitutionally obtained by

police because the *Miranda*[1] form police provided him prior to interrogating him did not indicate

that he had the right to have an attorney present during questioning.  In his reply, however,

Petitioner essentially abandons this claim, and instead asserts that his conviction was obtained by

use of a coerced confession (Dkt. 23 at pp. 11-16).  Specifically, Petitioner argues that his

confession was coerced because Detective West threatened to charge him with other robberies if

he refused to confess to the robbery for which he was being held.

To the extent Petitioner asserts that his conviction was obtained in violation of his Fifth

Amendment right against self-incrimination because the *Miranda* form failed to inform him that

he had the right to have an attorney present during questioning, the claim is unexhausted because

it was not presented to the Florida courts.[2]  On direct appeal from his convictions, Petitioner did

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966) holds in pertinent part that "prior to any questioning … [a suspect] has a right to the presence of an attorney, either retained or appointed," although the suspect "may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently." *Id.*, at 444.

[2]In his amended Rule 3.850 motion, Petitioner claimed that trial counsel was ineffective in failing to argue that the *Miranda* form was insufficient (Resp. Ex. H, Vol. 2 at record pp. 180, 186).  In his federal habeas petition, however, Petitioner does not present an ineffective assistance of counsel claim with respect to counsel's failure to challenge the *Miranda* form.  Instead, he presents a substantive claim that his Fifth Amendment right against self-incrimination was violated because he was not informed of his right to an attorney during interrogation.  While the related ineffective assistance of counsel claim has been exhausted, the underlying substantive claim has not been exhausted because it was never presented to the state courts.  *See Taylor v. Sec'y*, 2013 U.S. App. LEXIS 2829, at *11 (11th Cir. Fla. Feb. 11, 2013) (unpublished) ("[F]or purposes of exhaustion of state remedies, a substantive claim is separate and distinct from an ineffective assistance of counsel claim based on the substantive claim.") (citations and internal quotation marks omitted).

not raise this argument (see Resp. Ex. A).  Rather, he argued that his convictions were based on a

coerced confession (Id. at pp. 19-26).

Petitioner defaulted this claim by failing to raise it on direct appeal from his conviction.

A second appeal is not available to present this issue.  Further, any attempt to raise the claim in a

second Rule 3.850 motion would be barred by the two-year limit of Rule 3.850 and the state's

successive petition doctrine.  *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and

applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834 (1990); *Pope v. State*, 702 So.

2d 221, 223 (Fla. 1997) (successive post conviction relief motions filed after the expiration of the

time limit must be based on newly discovered evidence); *Foster v. State*, 614 So. 2d 455, 458

(Fla. 1992).  Petitioner has not shown either cause excusing the default or actual prejudice

resulting from the bar.  And, he has not shown that he is entitled to the fundamental miscarriage

of justice exception.  Consequently, Petitioner's challenge to the adequacy of the *Miranda* form

is procedurally barred from review in this Court.[3]

To the extent Petitioner contends that his conviction was obtained by use of a coerced

confession, the claim was exhausted in state court (Resp. Ex. A).  Nevertheless, Petitioner did

not raise the claim in his federal habeas petition (see Dkt. 1).  Rather, he first raised the claim in

his reply (Dkt. 23).

Petitioner's attempt to raise this new claim in his reply is not authorized by the applicable

---

[3]The Court notes that even if the claim was not procedurally barred, it would fail on the merits.  The *Miranda* waiver form indicated in pertinent part that Petitioner had "the right to have an attorney present prior to questioning." (Resp. Ex. H, Vol. 2 at record p. 204).  Detective West orally advised Petitioner that he had "the right to talk to a lawyer to answer the questions." (Resp. Ex. C, Vol. 3 at transcript p. 296).  Further, Detective Monroe twice read Petitioner his rights from a "Miranda Rights" card, and informed Petitioner that he had a right to an attorney, and a right not to talk to the officers (Resp. Ex. C, Vol. 2 at transcript pp. 153, 167).  These warnings, in combination, were sufficient for Petitioner to infer that he had a right to have an attorney present during the interrogation. *See Florida v. Powell*, 559 U.S. 50 (2010); *Canete v. State*, 921 So. 2d 687 (Fla. 4th DCA 2006).

rules. Petitioner was required to state all of his claims in his petition. See Rule 2(c), Rules

Governing Habeas Corpus Cases Under Section 2254 ("The petition must: (1) specify all the

grounds for relief available to the petitioner . . . .").  He may not amend his petition as a matter of

course by including an new and independent claim in his reply, since Respondent had already

served its answer. See Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading once "as a

matter of course" at any time before a responsive pleading is served or, otherwise, only by leave

of court or by written consent of the adverse party); Rule 11 of the Rules Governing Section

2254 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with

the Rules Governing Section 2254 Proceedings).

   In Ground One of the petition, Petitioner asserts that his confession was

unconstitutionally obtained.  The claim is premised expressly and solely on what Petitioner

contends was a *Miranda* form that failed to advise him that he had the right to an attorney during

the interrogation (Dkt. 1 at p. 4).  This claim does not, even liberally construed, suggest that

Petitioner's confession was obtained by coercion.

   In sum, Petitioner did not raise this claim in his petition, did not seek leave to amend to

add this claim, and is barred from raising it in his reply, since Respondent has not been afforded

an opportunity to address it. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)

(traverse is not proper pleading to raise additional grounds for relief; in order for state to be

properly advised of additional claims, they should be raised in amended petition or statement of

additional claim); *see also, Klauer v. McNeil*, No. 3:07cv541/LAC/EMT, 2009 U.S. Dist. LEXIS

66398, 2009 WL 2399928 at *30 (N.D. Fla. July 31, 2009); *Cleckler v. McNeil*, No.

3:07cv283/MCR/EMT, 2009 U.S. Dist. LEXIS 20741, 2009 WL 700828 at * 11 n.4 (N.D. Fla.

8

Mar. 16, 2009).[4]

This Court is mindful of its responsibility to address and resolve all claims raised in a petition. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised *in a petition* for writ of habeas corpus pursuant to 28 U.S.C. § 2254.") (emphasis added); *Williams v. Florida Dept. of Corrections*, 391 Fed.Appx. 806, 810 (11th Cir. 2010) (unpublished). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

Simply put, this claim is an entirely new one, improperly asserted in a reply without authority by rule or leave of court. *Williams* is distinguishable. *Williams*, which reversed the district court because it failed to address two independent claims "detailed in his reply to the state's response," explained that the two claims were raised in response to the state's assertion "that William's ineffective-assistance-of-appellate-counsel claim was too vague to warrant relief, and Williams replied by asserting facts that served to clarify and expand this claim." 391 Fed. Appx. at 811. The district court therefore erred in not addressing those claims.

Unlike the claims raised in the reply in *Williams*, the new claim Petitioner purports to raise in his reply was not raised to clarify or elaborate on the claim that he raised in the petition, i.e., that his confession was unconstitutionally obtained because he was not adequately advised of his rights under *Miranda*.   Rather, it raises a new claim that his confession was coerced, wholly

---

[4]Similar considerations bar an appellant from raising a new issue in a reply brief. *See Herring v. Secretary*, *Dept. of Corrections*, 397 F.3d 1338 (11th Cir. 2005) (arguments raised for the first time in a reply brief are not properly before a reviewing court.); *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994) (citation omitted); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (court need not address issue raised for first time in reply brief), *cert. denied*, 539 U.S. 951 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for first time in reply brief waived); *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief).

independent of his contention that his *Miranda* rights were violated.  Accordingly, it may not be raised there for the first time and need not be addressed under *Clisby* or *Williams*.

Moreover, the claim fails on the merits.  Prior to trial, defense counsel filed a Motion to Suppress Statements and Admissions in which he moved to suppress statements or admissions by Petitioner to law enforcement agents on April 4, 2000 (Resp.  Ex. C, Vol. 1 at record pp. 56-57). Defense counsel argued that the agents induced Petitioner into confessing "by making an express or implied promise of leniency, and an express or implied threat if Defendant did not cooperate." (Id. at p. 56).  Specifically, counsel asserted that Petitioner "was led to believe that he would be charged in many different robberies if he did not confess."  (Id.).

A hearing on the motion was held on December 21, 2001 (Id. at record pp. 58-112). Petitioner testified during the suppression hearing that he was in a holding cell at the Polk County Sheriff's Department when he first told Detective West that he did not have any involvement in the robbery for which he was being held (Id. at p. 92).  Subsequently, West approached Petitioner again and asked him if he was going to give a confession (Id. at p. 93). Petitioner responded "I don't know what you're talking about."  (Id.).  West left to speak to another officer, and Petitioner overheard them say "let's just charge him with all the...robberies." (Id.).  West then returned to the holding cell, showed Petitioner a piece of paper with a picture of "somebody" on it, and stated that Petitioner "fit the description."  (Id.).  At that time, Petitioner gave his confession because he did not want to be charged with the other robberies (Id.). Petitioner believed that if he did not confess to the robbery for which he was being held, he would be charged with all the other robberies (Id. at pp. 93-94).

According to West's testimony during the suppression hearing, he approached Petitioner

and told him that he "wanted to talk to him about some robberies." (Id. at p. 79).  Petitioner

responded that "he wasn't involved in any robberies and he didn't know what [West] was talking

about."  (Id.).  West then told Petitioner that "Detective Monroe was working several different

robberies with the same [modus operandi] and the same as the one he has been charged with" and

"if these robberies were proved to be - - proved that he is involved, he would be charged with

them."  (Id. at pp. 79-80).  As West started to walk away from the holding cell, Petitioner said

"wait a minute, I don't want to be charged with all these robberies, I will tell you what I was

involved in."  (Id. at p. 80).

    At the conclusion of the hearing, the trial court determined that Petitioner's statements

were voluntary, and denied the motion to suppress (Id. at pp. 110-111, 113).

    *In United States v. Lall*, 607 F.3d 1277 (11th Cir. 2010), the United States Court of

Appeals stated:

    In *Bram v. United States*, 168 U.S. 532, 18 S. Ct. 183, 42 L. Ed. 568 (1897), the Supreme
    Court observed that "a confession, in order to be admissible, must be free and voluntary; that is,
    must not be extracted by any sort of threats or violence, nor obtained by any direct or implied
    promises, however slight." *Id*. at 542 (internal quotations omitted). In *Brady v. United States*, 397
    U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), the Supreme Court explained that *Bram*
    suggested that "even a mild promise of leniency," though not "an illegal act as such," undermines
    the voluntariness of a confession "because defendants at such times are too sensitive to
    inducement and the possible impact on them too great to ignore and too difficult to assess." *Id*. at
    754. Nevertheless, *Bram*'s suggestion of a *per se* rule that would render a confession involuntary
    if it was preceded by "any direct or implied promises, however slight," has been rejected by the
    Supreme Court. *See Fulminante*, 499 U.S. at 284-85.  Instead, the issue of voluntariness must be
    determined by examining the totality of the circumstances. *Id*.

*Id*. at 1285.

    When examining the totality of the circumstances, this Court must consider "the

defendant's intelligence, the length of his detention, the nature of the interrogation, the use of any

physical force against him, or the use of any promises or inducements by police." *Hubbard v. Haley*, 317 F.3d 1245, 1253 (11th Cir. 2003) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *United States v. Gonzalez*, 71 F.3d 819, 828 (11th Cir. 1996)). First, Petitioner does not allege, and the record does not indicate, that he has low intelligence. Second, Petitioner was not in custody for an unduly long period of time prior to being questioned. He confessed within an hour to an hour and a half after he was arrested (Resp. Ex. C, Vol. 1 at record pp. 72-73). Further, the questioning itself took only about 15 minutes (Resp. Ex. C, Vol. 2 at transcript p. 163). Third, as to the nature of the interrogation, Petitioner was in custody and questioned in Detective Monroe's office (Id. at p. 157). There is, however, no allegation or indication from the record that the interrogation was heated or uncivil, that Petitioner was threatened or pressured by Monroe and West to answer questions, or that the detectives cajoled answers from Petitioner (Resp. Ex. C, Vol. 3 at transcript pp. 296-302). Fourth, Petitioner does not allege nor does the record indicate that physical force or threats of force were used against Petitioner to get him to answer questions.

Fifth and finally, Petitioner does not allege, nor does the record show, that West promised Petitioner that if he confessed to the robbery for which he was being held, Petitioner would not be charged with the other robberies. Further, West did not improperly threaten Petitioner. Although West told Petitioner that Monroe was investigating several recent robberies involving the same method of operation, and that Petitioner would be charged with those robberies if they could prove that he had been involved, West's statements do not amount to coercion. West's statements were true in that Petitioner was a suspect in other recent robberies involving the same method of operation (see Resp. Ex. C, Vol. 2 at record pp. 74, 76), and that he would likely be

12

charged in those robberies if the State could prove his involvement.  West's statements did not

rise to the level of coercive activity, and did not in and of themselves render Petitioner's

confession involuntary.  *See Johnson v. Pollard*, 559 F.3d 746, 755 (7th Cir. 2009)

("misrepresentations are insufficient, in and of themselves, to render a confession involuntary").

The determinative factor remains the question of whether the defendant's will was overborne.

*Land v. Allen*, 573 F.3d 1211, 1216 (11th Cir. 2009) (citing *Arizona v. Fulminante*, 499 U.S. 279,

288 (1991)).  Petitioner has not shown that West's alleged "threat" that Petitioner would be

charged with the other robberies if the State could prove that he was involved in those robberies,

was "not of such a gravity that an ordinary person . . . would have lost the will to resist." *United*

*States v. Haynes*, 301 F.3d 669, 684 (6th Cir. 2002).

Further, although relevant to the totality of the circumstances to be considered,

Petitioner's assertion that he believed that he had to confess to the robbery for which he was held

to avoid being charged with the other robberies does not in and of itself establish that his

confession was coerced.  "Subjective beliefs alone are insufficient to render a defendant's

confession involuntary."  *United States v. Flint*, 2011 U.S. Dist. LEXIS 116881, at *12 (E.D.

Mich. Oct. 11, 2011) (citing *Colorado v. Connelly*, 479 U.S. 157, 170 (1986)).

In sum, the voluntariness of a confession is evaluated on the basis of the totality of the

circumstances surrounding that confession. *Fare v. Michael C.*, 442 U.S. 707, 725 (1979). The

totality of the circumstances of Petitioner's interrogation demonstrates that Petitioner's

confession was not induced by coercion.

This Court determines that the state trial court's conclusion that Petitioner's statements

were not involuntarily coerced, was not unreasonable based on the record evidence, nor was it an

contrary to clearly established Supreme Court law.  Consequently, Petitioner's statements were properly admitted into evidence at trial. Therefore, this claim fails on the merits.

Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

In his petition, Petitioner complains that counsel was ineffective in failing to object to the jury's failure to find that Petitioner carried or possessed a firearm during commission of the crimes (Dkt. 1 at pp. 5-6).  In his reply, however, Petitioner states "[i]n actuality, this claim is counsel was ineffective for not moving for a judgment of acquittal where the evidence was insufficient to prove that petitioner possessed or carried a firearm where there was no testimony given that the petitioner was seen with a firearm during the commission of the crime."  (Dkt. 23 at pp. 16-17).

To the extent Petitioner asserts that counsel was ineffective in failing to move for a judgment of acquittal, the claim is unexhausted because it was not presented to the Florida courts (see Resp. Ex. H, Vol. 1 at record pp. 75-91; Ex. F).  Petitioner has defaulted this claim by failing to raise it in a timely Rule 3.850 motion.  He is barred by the two-year limit of Rule 3.850 and the state's successive petition doctrine from now raising this ground in another Rule 3.850 motion.  *See Whiddon v. Dugger*, 894 F.2d 1266; *Pope v. State*, 702 So. 2d at 223; *Foster v. State*, 614 So. 2d at 458. Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar.  Further, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Consequently, this claim is procedurally barred from review in this Court.

Moreover, even if the claim was not procedurally barred, it would fail on the merits.

14

Counsel did move for a judgment of acquittal at the close of the State's case (Resp. Ex. C, Vol. 3 at transcript pp. 199-205).  Counsel argued, *inter alia*, that the evidence was insufficient for the jury to find that Petitioner possessed and discharged a firearm (Id. at transcript pp. 204-05). Therefore, the record belies Petitioner's claim.

To the extent Petitioner argues that counsel was ineffective in failing to object to the jury's failure to find that Petitioner carried or possessed a firearm during commission of the crimes, the claim is exhausted.[5]  The claim, however, fails on the merits.

In Ground Two of his Rule 3.850 motion, Petitioner asserted that counsel was ineffective in failing to object to the jury's failure to find that Petitioner "possessed" a firearm during commission of the crimes (Resp. Ex. H, Vol. 1 at record pp. 82, 84-85).  Petitioner argued that he was improperly sentenced on the robbery conviction to a mandatory minimum sentence pursuant to Florida Statute, Section 775.087, because the jury did not expressly find that he "actually possessed" a firearm during the commission of the offense (Id. at record pp. 84-85).  In denying the claim, the state post conviction court stated:

> In Ground 2 of his Motion, [sic] claims that the jury in its verdict did not find that he possessed a firearm and that his counsel was ineffective for not objecting to this fact.  The record clearly demonstrates that the jury did find that the Defendant possessed a firearm.  See attached documentation.  Therefore, Ground 2 of Defendant's Motion is denied.

---

[5]Respondent argues that the claim is unexhausted because Petitioner did not brief the claim on appeal of the denial of his Rule 3.850 motion (Dkt. 16 at p. 22).  The Court disagrees.  This claim was not waived by Petitioner's failure to raise it in his brief on collateral appeal. Between December 2000 and October 2010, the Florida Second District Court of Appeal placed no obligation on post conviction counsel to brief each claim summarily denied by the post conviction court.  *See Cunningham v. State*, 37 Fla. L. Weekly D 385 (Fla. 2nd DCA 2012).  This claim was summarily denied by the state post conviction court (Respondent's Ex. H, Vol. 1 at record p. 93). Petitioner's failure to brief the summarily denied claim on appeal caused no procedural default because the claim was automatically reviewed by the appellate court under that court's internal procedures during that time. Therefore, this claims is exhausted and not procedurally barred from review.

(Id. at record p. 93).

The jury verdict did not expressly indicate that Petitioner "possessed" a firearm during the commission of the robbery (Resp. Ex. C, Vol. 1 at record p. 119).  However, the trial court instructed the jury in pertinent part that if it found "that the defendant carried a firearm in the course of committing the robbery, you should find him guilty of robbery with a firearm."  (Resp. Ex. C, Vol. 3 at transcript p. 335).  The jury found Petitioner guilty of robbery with a firearm (Resp. Ex. C, Vol. 1 at record p. 119).[6]  Therefore, because "[a] jury is presumed to follow its instructions[,]" *Weeks v. Angelone*, 528 U.S. 225, 234  (2000), the conviction for robbery with a firearm establishes that the jury found Petitioner carried a firearm during the robbery.  Moreover, the jury made an express finding that Petitioner "carried, displayed, used, threatened to use or attempted to Use [sic] a firearm during the commission of the robbery."  (Id.).

Section 775.087(2)(a)1, Florida Statutes (2002), requires the imposition of a mandatory minimum sentence where a firearm is "actually possessed" during the commission of certain enumerated crimes, including robbery and burglary.  Section 775.087(4), Florida Statutes (2002) states "[f]or purposes of imposition of minimum mandatory sentencing provisions of this section, with respect to a firearm, the term "possession" is defined as *carrying it on the person*." (emphasis added).  Therefore, because the jury found that Petitioner carried a firearm during the robbery, the trial court properly imposed the minimum mandatory sentence.  Consequently, Petitioner fails to show either deficient performance or prejudice.

Based upon the foregoing, the Court finds that the state court's denial of this claim was

---

[6]The victim testified that two men wearing masks entered his home (Resp. Ex. C, Vol. 2 at transcript p. 47).  He also testified that the shorter perpetrator had the gun (Id. at pp. 47-49).  Petitioner was the shorter perpetrator (Id. at pp. 150-51).

neither an unreasonable application of *Strickland*, nor based on an unreasonable determination of the facts. Accordingly, Ground Two does not warrant relief.

**Grounds Three and Four**

In Ground Three, Petitioner asserts that counsel was ineffective during trial in failing to ask Petitioner's girlfriend, Donielle Mixon, questions that would have provided Petitioner with an alibi.[7] Specifically, Petitioner contends that Mixon would have testified that Petitioner was in another town (Orlando, Florida) with her at the time of the crime. In Ground Four, Petitioner contends that his right to counsel was denied because counsel had an actual conflict of interest. Specifically, he alleges that counsel had a conflict because he had represented Petitioner's victims in a prior trial. Respondent argues that these claims are unexhausted and procedurally barred because Petitioner failed to raise these claims on appeal from the denial of the Rule 3.850 motion. The Court agrees.

In Florida, in an appeal from the summary denial of a Rule 3.850 motion without an evidentiary hearing, no briefs or oral arguments are required. Fla.R.App.P. 9.141(b)(2)(C). Petitioner's post conviction appeal, however, followed an evidentiary hearing on the issues presented in Grounds Three and Four (see Resp. Ex. H, Vol. 1 at record pp. 94, 99-173). Therefore, Petitioner was required to brief these grounds. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Cortes v. Gladish*, 216 Fed.Appx. 897, 899-900 (11th Cir. 2007) (unpublished) ("had Cortes received an evidentiary hearing [on issues raised in his 3.850 motion], his failure to address issues in his appellate brief would constitute a waiver"); Fla.R.App.P., Rule 9.141(b)(3)(C); *Cunningham v. State*, 37 Fla. L. Weekly D 385 (Rule

---

[7]Mixon testified on behalf of the defense at trial (Resp. Ex. C, Vol. 3 at 230-34).

9.141(b)(3)(C) required briefing "for grounds that were denied after an evidentiary hearing.").

In Florida, an appellant is considered to have abandoned claims which were not briefed with specific argument thereon. *Simmons v. State*, 934 So.2d 1100, 1111 n. 12 (Fla. 2006) (citing *Coolen v. State*, 696 So.2d 738, 742 n.2 (Fla. 1997)).  Because Petitioner did not brief these grounds in his post conviction appeal,[8]  he waived or abandoned them. Consequently, Petitioner's claims in Grounds Three and Four are unexhausted and procedurally barred. Petitioner has not overcome this procedural bar by showing cause and prejudice, or a fundamental miscarriage of justice.[9]

Accordingly, Grounds Three and Four are denied as procedurally barred.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, it is **ORDERED** that:

---

[8]See Respondent's Ex. F.

[9]To the extent Petitioner implicitly asserts ineffective assistance of post conviction appellate counsel as cause for the procedural default (see Dkt. 23 at pp. 6-7), ineffective assistance of appellate counsel cannot constitute cause of a procedural default in a state post conviction proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *see also Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a post conviction proceeding can constitute cause [excusing procedural default].") (citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)).  Furthermore, to the extent Petitioner argues that he is entitled to review of any procedurally defaulted claim because he is "actually innocent" (see Dkt. 23 at pp. 18-20), he has failed to satisfy the "fundamental miscarriage of justice" standard.  Petitioner argues that Mixon's testimony during the post conviction evidentiary hearing that Petitioner was with her in another town at the time of the crime establishes his factual innocence.  Mixon, however, did not testify that she told defense counsel that Petitioner was with her in Orlando at the time the crime was committed.  Rather, she testified that she told defense counsel that she "wasn't exactly sure exactly where we were at [when the crime was committed.]" (Resp. Ex. H, Vol. 2 at record p. 156).  In light of Petitioner's confession, there is no reason to believe that the jury would have believed Mixon's testimony that Petitioner did not commit the crime because Petitioner "was always with [her] at all times" between November 1999 and March 9, 2000 (the date of the offense) (Id. at pp. 156-58). Petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him had they heard this testimony.

18

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on ___July 17th___, 2013.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
        Counsel of Record